**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **QUIKTRIP CORPORATION and QUIKTRIP WEST, INC.,** | ) ) ) | Case No. 8:07CV88 |
| Plaintiffs, | ) ) | **CONSENT PRELIMINARY INJUNCTION** |
| v. | ) ) | |
| **BUCKY'S EXPRESS, LLC,** | ) ) | |
| Defendant. | ) | |

Plaintiffs, QuikTrip Corporation and QuikTrip West, Inc. ("Plaintiffs"), and Defendant, Bucky's Express, LLC ("Bucky's"), have filed a joint stipulation for entry of a proposed Consent Preliminary Injunction. (Filing No. 44). The parties agree to the entry of the following Consent Preliminary Injunction, and therefore, the Court makes the following findings of fact and conclusions of law:

1.  This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and related state law claims. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 as a civil trademark action arising under the Lanham Act. Venue is proper in this court under 28 U.S.C. § 1391.

2.  QuikTrip Corporation is a corporation organized and existing under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma, and a regular and established place of business at 4705 South 129th East Avenue, Tulsa, Oklahoma 74134. QuikTrip West, Inc., is a corporation organized and existing under the laws of the State of Kansas, having its principal place of business in Wichita, Kansas at 5929 West Central, Wichita, Kansas 67277. QuikTrip West, Inc., is a wholly owned subsidiary of QuikTrip Corporation.

3.      Bucky's is a limited liability company organized and existing under the laws of the State of Nebraska, having its principal place of business at 4973 Dodge Street, Omaha, Nebraska 68102.

4.      QuikTrip West, Inc., claims to own the trademark PUMPSTART for magnetically encoded identification cards, and has licensed QuikTrip Corporation to use that mark. QuikTrip West, Inc., registered the mark with the United States Patent and Trademark Office under Reg. No. 3,020,466.

5.      Bucky's has ceased all of its use of the term for a similar identification card program and, for that reason, is willing to consent to the entry of this preliminary injunction.

Based on these findings of fact and conclusions of law, for the reasons set forth in the Memorandum and Order dated March 28, 2007 (Filing No. 29), and upon consent of the parties,

IT IS HEREBY ORDERED:

1.  The parties' joint stipulation (Filing No. 44) is approved;

2.  Plaintiffs are hereby granted preliminary injunctive relief restraining and enjoining Bucky's and its members, officers, agents, servants, employees and those persons in active concert or participation with it from using the "PumpStart" name and the "PumpStart" marketing brochures and any materials relating to that program;

3.  Bucky's and its members, officers, agents, servants, employees and those persons in active concert or participation with it are further restrained and enjoined from using, as a trademark, service mark and/or trade name, the term PUMPSTART in connection with any product or service;

4. With respect to those cards that depict the mark PUMPSTART and that are in the possession of Bucky's customers, Bucky's shall use commercially reasonable efforts to encourage customers that possess such cards to exchange the cards depicting the mark PUMPSTART for a new card that does not depict the trademark PUMPSTART or any confusingly similar term. All cards collected by Bucky's from customers shall be immediately destroyed or surrendered to QuikTrip; and

5. All of the foregoing restraints and injunctions shall continue in force and effect until further order of this Court following trial of this matter and that the cash bond posted for the Temporary Restraining Order previously issued shall remain in force and effect in the same amount.

Dated this 26th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Court