IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **QUIKTRIP CORPORATION, and QUIKTRIP WEST, Inc.,** | ) ) ) | **Case No. 8:07CV88** |
| **Plaintiffs,** | ) ) ) | **ORDER APPROVING CONSENT TO PERMANENT INJUNCTION AND PERMANENT INJUNCTION** |
| v. | ) ) ) | |
| **BUCKY'S EXPRESS, LLC,** | ) ) | |
| **Defendant.** | ) | |

This matter is before the Court on the joint stipulation to the entry of a permanent injunction in this matter (Filing No. 62). The Court has reviewed the parties' agreement, and finds that their agreement should be approved and permanent injunctive relief should be ordered.

This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and related state law claims. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 as a civil trademark action arising under the Lanham Act. Venue is proper in this Court under 28 U.S.C. § 1391.

QuikTrip Corporation is a corporation organized and existing under the laws of the State of Oklahoma, having its principal place of business in Tulsa, Oklahoma. QuikTrip West, Inc., is a corporation organized and existing under the laws of the State of Kansas, having its principal place of business in Wichita, Kansas. QuikTrip West, Inc., is a wholly owned subsidiary of QuikTrip Corporation.

Defendant Bucky's Express is a limited liability company organized and existing under the laws of the State of Nebraska, having its principal place of business in Omaha, Nebraska. Its affiliates, Buck's, Inc., and Buchanan Energy are Nebraska businesses.

QuikTrip West, Inc., claims to own the trademark "PUMPSTART" for magnetically encoded identification cards, and it has licensed QuikTrip Corporation to use that mark. QuikTrip West, Inc., registered the mark with the United States Patent and Trademark Office under Reg. No. 3,020,466.

Bucky's has ceased all of its use of the term "Pumpstart" for a similar identification card program and, for that reason, is willing to consent to the entry of this permanent injunction.

Based on these findings of fact and conclusions of law, for the reasons set forth in the Memorandum and Order dated March 28, 2007 (Filing No. 29), and upon consent of the parties,

IT IS ORDERED:

1. The parties' joint stipulation (Filing No.62) is approved;

2. Defendants are permanently restrained and enjoined as follows:

    a. Bucky's and its members, officers, agents, servants, employees, affiliates, and those persons in active concert or participation with it are permanently restrained and enjoined from using the "PumpStart" name and the "PumpStart" marketing brochures and any materials relating to that program; and

    b.    Bucky's and its members, officers, agents, servants, employees, affiliates, and those persons in active concert or participation with it are further permanently restrained and enjoined from using, as a trademark, service mark and/or trade name, the term "PUMPSTART" in connection with any product or service;

3.    In addition, with respect to those cards that depict the mark PUMPSTART and that are in the possession of Bucky's customers, Bucky's shall use commercially reasonable efforts to encourage customers who possess such cards to exchange the cards depicting the mark PUMPSTART for a new card that does not depict the trademark PUMPSTART or any confusingly similar term, and all such cards collected by Bucky's from customers shall be immediately destroyed or surrendered to QuikTrip;

4.    The cash bond posted for the Temporary Restraining Order previously issued shall be released and returned to the Plaintiffs pursuant to separate order of the Court; and

5.    A separate judgment shall be filed, and upon filing the judgment, the Clerk may close this matter for all purposes.

DATED this 28th day of August, 2007.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge